IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOM CARSTARPHEN, | : |
|     Plaintiff, | : |
| vs. | :    CA 15-00519-KD-C |
| MOBILE COUNTY SHERIFF, *et al.*, | : |
|     Defendants. | : |

### REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and S.D. Ala. Gen. L.R. 72(a)(2)(R), on Defendant City of Mobile Police Department's Motion to Dismiss Pursuant to FRCP 41(b), Renewed Motion to Dismiss Under FRCP 12(b)(6), (Doc. 27), filed on September 2, 2016; and Defendant Mobile County Sheriff Sam Cochran's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) and Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) & (6), (Doc. 29), filed on September 9, 2016 (collectively, Defendants' "renewed motions to dismiss"). Upon review, it is recommended that Defendants' motions to dismiss be granted and this action be dismissed with prejudice due to Plaintiff's failure to comply with the Court's Order.

### FINDINGS OF FACT

The instant action was filed with the Court *pro se* by Plaintiff Tom Carstarphen on October 13, 2015, (Doc. 1), in which he alleges against the Defendants civil rights violations. On February 5, 2016, Defendant Mobile Police Department (the "MPD") filed its Motion to Dismiss, (Doc. 7), and Defendant

Sam Cochran, Sheriff of Mobile County, filed his Motion to Dismiss, (Doc. 8), and Brief in Support (collectively, Defendants' "first motions to dismiss"; individually, "Defendant MPD's first motion to dismiss" and "Defendant Cochran's first motion to dismiss"), (Doc. 9), which were set for oral argument on March 31, 2016, (Doc. 10).  On March 8, 2016, Plaintiff filed a motion to continue the oral argument hearing, (Doc. 14), which was granted by the Court and the hearing was reset to May 12, 2016, (Doc. 16).  On May 9, 2016, Connie J. Morrow, Esquire, filed a notice of appearance on behalf of Plaintiff as well as a motion to continue the hearing, (Doc 18), which was granted and the hearing reset to June 2, 2016, (Doc. 20), that was reset by the Court to June 16, 2016, (Doc. 21).  On July 6, 2016, Plaintiff was ordered to file a motion to amend the complaint by July 18, 2016, along with a proposed amended complaint, and to file a brief as to the proposed amended complaint that addressed how the amendment resolves the issues raised in the Defendants' first motions to dismiss, how the amendment would not be futile in light of the legal authority regarding strip searches provided in Defendant Cochran's motion to dismiss, (Doc. 9), and the capacities in which the Defendants are being sued.  (Doc. 23).  On July 11, 2016, Plaintiff filed a motion to amend, (Doc. 24), and brief in support, (Doc. 25).

On July 25, 2016, the Court denied without prejudice Plaintiff's motion to amend, (Doc. 24), and ordered Plaintiff to file a new motion to amend as well as a new proposed amended complaint by August 8, 2016, (Doc. 26, at 4).  The Court reminded the Plaintiff that in his new proposed amended complaint he "***must not*** file another shotgun complaint," that he "shall refrain from incorporating multiple claims into one count, as well as from the wholesale adoption by reference of all allegations in the complaint into each claim," and that he "must

list each claim . . . in a separate count and identify with specificity the factual allegations used to support each discrete claim against each individual defendant." *Id.* Further, Plaintiff was ordered to file a new brief with his motion to amend that explains:

> (a) how the new proposed amended complaint resolves the issues raised in the pending [first ]motions to dismiss, (b) how the new proposed amendment will not be futile in light of the legal authority regarding strip searches provided in the Brief in Support of Defendant Cochran's Motion to Dismiss . . . , and (c) the capacities in which ***all of the Defendants*** are being sued.

*Id.* The Court concluded its Order by stating that "failure to comply with [the Court's July 25, 2016] Order may result in the dismissal of the Plaintiff's lawsuit pursuant to Fed. R. Civ. P. 41(b)." *Id.* at 5.

On September 2, 2016, Defendant MPD filed its instant Motion to Dismiss Pursuant to FRCP 41(b), Renewed Motion to Dismiss Under FRCP 12(b)(6), (Doc. 27), and on September 9, 2016, Defendant Cochran filed his instant Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) and Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) & (6), (Doc. 29). The Court entered a submission order, (Doc. 28), on September 9, 2016, that ordered Plaintiff to file a response to Defendant MPD's motion to dismiss by September 20, 2016, to which Plaintiff has not filed a response in opposition. On September 12, 2016, Defendant MPD's Motion to Dismiss, (Doc. 7), and Defendant Cochran's Motion to Dismiss, (Doc. 8), both filed on February 5, 2016, were mooted to reflect their incorporation into Defendants' renewed motions to dismiss filed on September 2, 2016, and September 9, 2016, respectively.

## **CONCLUSIONS OF LAW**

"A district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if 'it appears a more carefully drafted complaint might state a claim upon which relief can be can be granted.'" *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (quoting *Bank v. Pitt*, 928 F.2d 1108 (11th Cir. 1991)). Here, the Plaintiff has been given two opportunities to amend his claims in order to conform to the Federal Rules of Civil Procedure, (*see* Doc. 23 & 25), and was given explicit instructions on how to craft his amended complaint. (*See* Doc. 25).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (citation and quotations omitted); *see* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."). "Each allegation must be simple, concise, and direct," and "[n]o technical form is required." FED. R. CIV. P. 8(d)(1). Additionally, FRCP 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence-and each defense other than a denial-must be stated in a separate count or defense.

"Complaints that violate either [FRCP] 8(a)(2) or [FRCP] 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). A "shotgun pleading" "incorporate[s] every antecedent allegation by reference into each subsequent

claim for relief or affirmative defense," *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006), and it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). "A dismissal under [FRCP] 8(a)(2) and 10(b) is appropriate where it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id* (emphasis retained).

The Court's July 25, 2016, Order found that Plaintiff's proposed amended complaint attached to Plaintiff's motion to amend, (Doc. 24), and brief in support, (Doc. 25), did not satisfy FRCP 10(b) and that the proposed amended complaint was a "shotgun pleading." Plaintiff was ordered to file a new motion to amend as well as a new proposed amended complaint by August 8, 2016, (Doc. 26, at 4), and notified the Plaintiff that a failure to comply with the Court's Order could result in the dismissal of the Plaintiff's lawsuit pursuant to FRCP 41(b), (Doc. 26, at 4).

FRCP 41(b) reads in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Where the dismissal is without prejudice but the applicable statute of limitation bars further litigation, the dismissal will be treated as a dismissal with prejudice.[1] *See Gray v. Fid. Acceptance Corp.*, 634 F.2d

---

[1] Plaintiff alleges civil rights violations under 28 U.S.C. § 1983 in his complaint, (*see* Doc. 1), and amended complaint, (*see* Doc. 24). "All constitutional claims brought under § 1983 are tort

5

226, 227 (5th Cir. 1981)[2] ("Where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice."). Dismissal with prejudice is a severe sanction and should be imposed "only in the face of a clear record of delay or contumacious conduct by the plaintiff," and is a "sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citation and quotations omitted). "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *McKelvey*, 789 F.2d at 1520.

Here, Defendants have motioned the Court to dismiss Plaintiff's claims with prejudice for Plaintiff's failure to comply with the Court's July 25, 2016, Order. (Docs. 27 & 29). The Court has ordered Plaintiff on two occasions to file an amended complaint. (*See* Docs. 23 & 26). In the Court's July 6, 2016, Order, the Court reiterated what was discussed at the June 16, 2016, hearing, that the Court would delay ruling on Defendants' first motions to dismiss and that Plaintiff was ordered to file a motion to amend and a brief in support. (Doc. 23).

---

actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (citation and internal quotations omitted). In Alabama, that limitations period is two years. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) ("After *Owens*[ *v. Okure*, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)], the two-year limitations period of Ala. Code. § 5-2-38(l) applies to [§] 1983 actions in Alabama."). Plaintiff's complaint, (Doc. 1), which was filed on October 13, 2015 states that the alleged conduct occurred exactly two-years prior to filing on October 13, 2013, (Doc. 1, at 3). A dismissal of this action under FRCP 41(b) would effectively be a dismissal with prejudice since Plaintiff would be time-barred from refiling his claims.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

In the brief, Plaintiff was to address how the amendment resolves the issues raised in the Defendants' first motions to dismiss,[3] how the amendment would not be futile in light of the legal authority regarding strip searches,[4] and the capacities in which the Defendants are being sued.[5] (Doc. 23). Plaintiff filed a motion to amend, (Doc. 24), and brief in support, (Doc. 25), on July 11, 2016.

---

[3] Defendant MPD's first motion to dismiss argues that Plaintiff's complaint does not allege a cause of action against the MPD, that the MPD is not a suable entity or a proper party in a § 1983 or state law action, and that even if Plaintiff's complaint was construed to include the City of Mobile, which is a suable entity for § 1983 purposes, Plaintiff does not properly allege a policy or practice that resulted in his constitutional injury. (Doc. 7).

Defendant Cochran's first motion to dismiss argues that Plaintiff has failed to identify the capacity of the Mobile County Sheriff (the "Sheriff") that he is suing (individual or official capacity); that the Sheriff is entitled to immunity under the Eleventh Amendment in his official capacity as a State Constitutional Officer, that the Sheriff is entitled to qualified immunity in his individual and official capacity; and that strip searches, including body cavity inspections, are not a violation of an inmate's Fourth Amendment rights when they are conducted after a contact visit or upon the inmate's entry into the facility as long as the searches are conducted in a reasonable and non-abusive manner. (Doc. 9).

[4] Defendant Cochran cites to *Bell v. Wolfish*, 441 U.S. 520, 558, 99 S. Ct. 1861, 1884, 60 L. Ed. 2d 447 (1979), and *Powell v. Barnett*, 541 F.3d 1298, 1314 (11th Cir. 2008) (en banc), in his first motion to dismiss for the proposition that strip searches of those being booked into a jail facility, including body cavity inspections, are "not a violation of an inmate's Fourth Amendment rights when they are conducted after a contact visit or upon the inmate's entry into the facility as long as the searches are conducted in a reasonable and non-abusive manner." (Doc. 9, at 4).

[5] Defendant MPD in its first motion to dismiss argues:

> [A] city's police department is not an entity that can be properly sued for purposes of a § 1983 action or a state law action," citing *Marks v. Selma City Police Dept.*, No. CA 14-0338-WS-C, 2014 WL 4772658, *1 (S.D. Ala. Sept. 24, 2014) ("[I]n Alabama a city's police department is not a suable entity or a proper party under state law or for § 1983 purposes.") (citing *Blunt v. Tomlinson*, No. CA 04-0124-CG-M, 2009 WL 9210923, *4 (S.D. Ala. Apr. 1, 2009); *Howard v. City of Demopolis, Ala.*, 984 F. Supp. 2d 1245, 1253 (S.D. Ala. 2013) ("[T]his Court has previously determined that police departments are not a proper legal entity capable of being sued."); *see also*, *Higginbotham v. City of Pleasant Grove*, No. CV-12-BE-252-S, 2013 WL 5519577, *54 (N.D. Ala. Sept. 30, 2013) (dismissing claims against the police department with prejudice.)

(Doc. 7, at 3-4).

Defendant Coachran in his first motion to dismiss argues:

> Sheriff Sam Cochran is not a County Official but is a State Constitutional Officer and as such is entitled to immunity pursuant to the *Eleventh Amendment of the U.S. Constitution* for claims seeking monetary awards when filed against him in his official capacity. *See Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003); *Taylor v. Adams*, 221 F.2d 1254, 1256 (11th Cir. 2000); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1527 (11th Cir. 1990).
> . . .

The Court's July 25, 2016, Order denied without prejudice Plaintiff's motion to amend, (Doc. 24), and instructed Plaintiff to file a new motion to amend and gave explicit instructions on how to draft an amended complaint that conforms to the Federal Rules of Civil Procedure, instructed Plaintiff to file a brief in support of the motion to address the deficiencies in his complaint, and warned him that failure to comply with the Order could result in dismissal of his action. (Doc. 26, at 4-5). Defendants filed their instant renewed motions to dismiss, (Docs. 27 & 29), on September 2, 2016, and September 9, 2016. The Court entered a submission order, (Doc. 28), on September 9, 2016, that ordered Plaintiff to file a response to Defendant MPD's motion to dismiss by September 20, 2016. Plaintiff has failed to respond to the Court's July 25, 2016, Order and Defendants' renewed motions to dismiss.

Plaintiff, who is now represented by counsel, initiated this action over one year ago and has been given two opportunities to cure the deficiencies in his complaint that has not yielded a satisfactory amended complaint despite explicit instruction from the Court. The Plaintiff has not filed anything with the Court since July 11, 2016, has not complied with an Order of the Court, and has been warned that his failure to comply with the Court's Order could be grounds for dismissal, which has gone unheeded. Therefore, the Court finds that there is a clear record of delay by the Plaintiff, that lesser sanctions will not suffice to bring

---

Assuming that the Plaintiff is attempting to sue Sheriff Cochran in his individual capacity, as well as his official capacity, Sheriff Cochran is entitled to the defense of qualified immunity. The doctrine of qualified immunity provides that a government official acting within his discretionary authority is immune from suit unless his conduct "violates a clearly established [Federal] statutory or constitutional rights which a reasonable person would have known." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).

(Doc. 9, at 2-3) (emphasis and alteration retained).

the Plaintiff into compliance with the Court's Orders, and that this matter is subject to dismissal under FRCP 41(b).

## CONCLUSION

The Magistrate Judge holds the opinion that Defendant City of Mobile Police Department's Motion to Dismiss Pursuant to FRCP 41(b), Renewed Motion to Dismiss Under FRCP 12(b)(6), (Doc. 27), and Defendant Mobile County Sheriff Sam Cochran's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) and Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) & (6), (Doc. 29), should be **GRANTED** and Plaintiff's complaint should be **DISMISSED WITH PREJUDICE** for failure to comply with a court order pursuant to FRCP 41(b).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. Gen. L.R. 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be

9

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 9th day of December 2016.

                                  s/WILLIAM E. CASSADY
                                  **UNITED STATES MAGISTRATE JUDGE**